

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| ZAHRA FARAJ and MIKE SAMADI,<br>    Plaintiffs,<br>.<br><br>vs.<br><br><br>GERRIE GRESHAM INS AND FIN SVCS<br>LLC and STATE FARM FIRE AND<br>CASUALTY COMPANY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:25-4382-MGL-SVH |

**ORDER DECLINING TO ADOPT THE REPORT AND RECOMMENDATION,
GRANTING PLAINTIFFS' MOTION TO REMAND,
AND RENDERING AS MOOT DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Zahra Faraj and Mike Saadi (collectively, Plaintiffs), who are self-represented, filed this lawsuit in the Lexington County Court of Common Pleas against Gerrie Gresham Ins and Fin Svcs LLC and State Farm Fire and Casualty Company (collectively, Defendants).  The Court has corrected the spelling of the first-listed defendant.

Defendants subsequently removed the case to this Court, claiming it has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.  Lacking here is any suggestion the Court also has 28 U.S.C. § 1331 federal question jurisdiction over the lawsuit.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendants' motion to dismiss be granted

and Plaintiffs' motion to remand be denied.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 14, 2025, and Plaintiffs filed two sets of objections: one on September 2, 2025, and the other on September 3, 2025.  Thereafter, on September 16, 2005, Defendants filed a reply to Plaintiffs' objections.  On November 18, 2025, Plaintiffs filed a sur-reply, to which Defendants filed a reply on December 1, 1025.

On January 26, 2026, the Court ordered Plaintiffs to file an answer to a special interrogatory, which they did on February 4, 2026.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction."  *Id.*  "If federal jurisdiction is doubtful, a remand is necessary."  *Id.*

The diversity jurisdiction, 28 U.S.C. § 1332, provides, in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

When the Magistrate Judge sought to determine whether the value of this case exceeds the jurisdictional amount by submitting special interrogatories on the subject to Plaintiffs, they "refused

to directly respond to the [C]ourt's special interrogatories." Report at 9. Thus, as is relevant here, the Magistrate Judge concluded Plaintiffs' case meets the jurisdictional amount, and therefore suggested the Court deny their motion to remand.

The primary gist of Plaintiffs' objections is their case fails to satisfy the jurisdictional requirement.

This Court has long allowed post-removal clarifications in cases such as this. *See Hardwick v. Bank of America, N.A.*, No. 4:13–1359–MGL, 2013 WL 3477275, at *2 (D.S.C. July 10, 2013) ("[T]he court issued its Order to Show Cause seeking clarification from Plaintiff regarding whether, at the time of filing her Complaint, she intended to seek damages in excess of the $75,000 jurisdictional amount."). Accordingly, in seeking to determine whether the requirement was met, in an abundance of caution, the Court thereafter submitted the following special interrogatory to Plaintiffs:

> In answer to an earlier interrogatory from the [Magistrate Judge], Plaintiffs stated, "Combined claims against the Defendants in this case is not anywhere even near $50,000.00." But, it is unclear to the Court whether that includes all the monetary claims Plaintiffs are seeking from Defendants. Therefore, not later than February 2, 2026, Plaintiffs shall file their answer to the following interrogatory: At the time this matter was removed to this Court on May 22, 2025, was it Plaintiffs' intent to pursue monetary damages, including consequential and punitive damages, as well as pre-judgement interest, attorney fees, and any other monetary damages, in excess of $75,000? Plaintiffs shall answer this interrogatory with either a "Yes" or "No."?

The Court's January 26, 2026, Special Interrogatory (citation omitted).

On February 4, 2026, Plaintiffs submitted the following answer to the Court's January 26, 2026, special interrogatory: "Now come . . . Plaintiffs and responds to the Court's interrogatory of January 26, 2026 by stating their answer is no." Plaintiffs' Answer to the Court's Special Interrogatory at 1. In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Although both sides are allowed to submit proof of the jurisdictional amount after which the Court can decide by a "preponderance of the evidence" whether the amount-in-controversy requirement has been satisfied, *id*. at 82, the parties failed to submit any such proof for the Court's consideration. To the extent they argue they did submit proof, however, the Court holds, by a preponderance of the evidence, Defendants have neglected to present sufficient competent evidence demonstrating the amount in controversy exceeds the jurisdictional amount. *See Francis v. Allstate Ins. Co*., 709 F.3d 362, 367 (4th Cir. 2013) ("If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence . . . the amount in controversy exceeds [$75,000].").

In Defendants' response in opposition to Plaintiffs' motion to remand, they make much of the argument "Plaintiffs declined to stipulate the amount in controversy is below the jurisdictional threshold[.]" Defendants' Response in Opposition at 1 (emphasis omitted) (capitalizations standardized). According to Defendants, "[t]o resolve any ambiguity over the amount in controversy, Defendants provided Plaintiffs with a proposed stipulation confirming . . . they would not seek more than $75,000 in total damages. The stipulation also would have limited any judgment to a maximum of $75,000 and barred Plaintiffs from amending their Complaint to exceed that amount in the future." *Id*. at 1-2.

There are at least three problems with this argument. First, to determine whether a case meets the $75,000 jurisdictional requirement, the amount in controversy for jurisdictional purposes is determined at the time of filing or removal. *See, e.g., Dennison v. Carolina Payday Loans, Inc*., 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed"). Thus, although the value of this case may turn out to exceed $75,000, the Court's only concern now is what the value of the case was at the time it was removed to this Court. The

4

Court has already concluded Defendants have failed to show it was more than the jurisdictional amount at that time.

Second, if Plaintiffs decide to "amend[ ] their Complaint to exceed that amount in the future," *id*. at 1-2, there is a possible remedy. Turning to 28 U.S.C. § 1446(b)(3),

> a notice of removal may be filed within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained . . . the case is one which is or has become removable.

*Id*. Even so, it must do so within "[one] year after commencement of the action, unless the district court finds . . . the plaintiff has acted in bad faith . . . to prevent . . . [D]efendant[s] from removing the action." *Id*. § 1446(c).

Third, this Court has long disfavored stipulations of damages in scenarios such as this. "Often times, a plaintiff is unable to reasonably gauge the value of a case at its onset. This is no less true for defendants." *Martinez v. Sarratt*, Civil Action No. 3:20-0744-MGL, 2020 WL 1892357, at *4 (D.S.C. April 16, 2020). "As then-district Judge Henry F. Floyd opined when presented with a similar situation, '[t]he reality is . . . cases often evolve as they progress through litigation and the parties acquire more information pertaining to their claims and defenses.'" *Id.* (quoting *Bell v. Qwest Communications Intern., Inc*., Civil Action No. 8:11–00037–HFF, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011).

"Requiring plaintiffs at the outset of litigation to enter into a binding stipulation regarding damages could seriously handicap them as the case progresses." *Bell,* 2011 WL 2601566, at *5. "As a result, it is understandable . . . , despite believing in good faith . . . their claims do not exceed the jurisdictional amount, many plaintiffs would decline to enter into such a binding stipulation." *Id*.

Judge Floyd then went on to add this: "A plaintiff's refusal to stipulate to maximum damages does not establish . . . the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference." *Id*.

As this Court has indicated above, "[t]he Court agrees with Judge Floyd's reasoning. In addition, in the Court's firm opinion, for it to hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption . . . remand is proper when removal is questionable." *Martinez*, 2020 WL 1892357, at *4. "Moreover, such an approach shifts the burden from the removing party to demonstrate removal is appropriate to the nonmovant to establish it is not." *Id*.

"Consequently, the fact [Plaintiffs] decline to stipulate . . . damages do not exceed $75,000 does not amount to competent evidence as to the $75,000 requirement." *Id*.

For all these reasons, the Court will sustain Plaintiffs' objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Plaintiffs' objections and declines to adopt the Report. It is therefore the judgment of the Court Plaintiffs' motion to remand is **GRANTED**; and this case is **REMANDED** to the Lexington County Court of Common Pleas. Accordingly, Defendants' motion to dismiss is necessarily **RENDERED AS MOOT**.

The Court hastens to add its decision here to decline to adopt the Report is largely based on Plaintiffs' ambiguous answers to the Court's special interrogatory, as opposed to any error by the learned Magistrate Judge.

**IT IS SO ORDERED**.

Signed this 12th day of March, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

6